# In the United States Court of Federal Claims

No. 20-1079C

(Filed: September 6, 2020)

**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| SEAN R. FABIAN, | ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| *Defendant.* | ) ) ) ) |

## OPINION AND ORDER

On August 25, 2020, Plaintiff, Mr. Sean R. Fabian (who is presently incarcerated at the Federal Correctional Institution ("FCI") in Rye Brook, New York), filed a Complaint with this Court. ECF No. 1 ("Compl."). Mr. Fabian's Complaint primarily seeks that this Court grant him a writ of habeas corpus pursuant to 28 U.S.C §§ 2241(c)(1) and 2241(c)(3). Compl. at 1. Particularly, in support of Mr. Fabian's habeas petition, he asks that this Court declare that the "exercises of authority" by the United States District Judge who presided over Mr. Fabian's criminal case are "of NO AFFECT [and] VOID" pursuant to 18 U.S.C. § 3041, because his conviction is "unsupported by substantial evidence after review of the whole record." Compl. at 1. Additionally, Mr. Fabian alleges that he currently remains incarcerated "contrary to constitutional right, power, privilege, and immunity in violation of" various Constitutional provisions and other statutes. *Id.* at 1. On August 25, 2020, Mr. Fabian filed a motion for leave to proceed *in forma pauperis*, which hereby is **GRANTED**.

For the reasons explained below, Mr. Fabian's Complaint is **DISMISSED** pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").

The Court has a duty to ensure that it has jurisdiction over any claim presented. *See, e.g.*, *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019). This means that "[i]f the court determines at any time that it lacks subject-matter

jurisdiction, the court must dismiss the action." RCFC 12(h)(3). In that regard, the United States government cannot be sued without its consent (*i.e.*, in the absence of a waiver of sovereign immunity). *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Accordingly, "except as Congress has consented to a cause of action against the United States, 'there is no jurisdiction in the Court of [Federal] Claims more than in any other court to entertain suits against the United States.'" *United States v. Testan*, 424 U.S. 392, 400 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 587-588 (1941)).

Generally, "the jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009). The bounds of the Court's jurisdiction under the Tucker Act are defined in 28 U.S.C. § 1491, which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

In addition to providing this Court with jurisdiction, the Tucker Act waives the sovereign immunity of the United States "[f]or actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions[.]" *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). The Tucker Act, however, "does not create a substantive cause of action[,]" *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005), and "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *United States v. Mitchell*, 463 U.S. 206, 216 (1983).

Although *pro se* pleadings are entitled to receive a more liberal construction than the Court would give to pleadings prepared by counsel, *see United States v. Sineneng-Smith*, 140 S. Ct. 1575, 1579 (2020), that does not relieve a *pro se* plaintiff from the responsibility of satisfying this Court's jurisdictional requirements. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Taking into consideration Mr. Fabian's *pro se* status by broadly construing his arguments – and assuming that all of his allegations are true, as the Court must at this stage – this Court nevertheless finds that none of Mr. Fabian's claims fall within our jurisdiction. Mr. Fabian's Complaint fails to establish this Court's "jurisdiction to entertain the suit" for at least four reasons. *Georgetown Steel Corp. v. United States*, 801 F.2d 1308, 1312 (Fed. Cir. 1986). Accordingly, we must dismiss the Complaint pursuant to RCFC 12(h)(3).

First, Mr. Fabian's Complaint primarily petitions this Court for a writ of habeas corpus.  *See* Compl. at 1.  Granting such a petition, however, is beyond the subject-matter jurisdiction of this Court, as "the habeas statute does not list the Court of Federal Claims among those courts empowered to grant a writ of habeas corpus[.]"  *Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002).  Instead, such "[a] claim for relief from a judgement of conviction . . . must be brought in federal district court."  *Dorsey v. United States*, 2019 WL 6681878, at *3 (Fed. Cl. Dec. 6, 2019) (citing 28 U.S.C. § 2254(f)).

Second, for a statutory or constitutional provision to serve as the basis for a claim within this Court's jurisdiction, the provision, as noted above, must be money-mandating or support a claim for an illegal exaction.  *See Testan*, 424 U.S. at 398; *Contreras v. United States*, 64 Fed. Cl. 583, 588 (2005).  For a money-mandating claim, a plaintiff must identify a separate source of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government" to the plaintiff.  *Testan*, 424 U.S. at 400 (quotations omitted).  For an illegal exaction claim, although this Court may exercise jurisdiction "with no regard for whether the [asserted] statutes [are] 'money-mandating[,]'" *Boeing Co. v. United States*, 968 F.3d 1371 (Fed. Cir. 2020), a plaintiff must still allege that "money was taken by the government and [that] the exaction violated a provision of the Constitution, a statute, or a regulation."  *Piszel v. United States*, 121 Fed. Cl. 793, 801 (2015), *aff'd*, 833 F.3d 1366 (Fed. Cir. 2016).  The statutory provisions that Mr. Fabian cites in his Complaint are not money-mandating.  Additionally, Mr. Fabian does not claim to have paid *any* money to the government, let alone to have done so at the behest of the government and contrary to law.

Third, to the extent that Mr. Fabian seeks to challenge the merits of his underlying criminal conviction, this Court lacks jurisdiction to consider such claims.  *Sanders v. United States*, 252 F.3d 1329, 1335 (Fed. Cir. 2001) (quoting *Kania v. United States*, 650 F.2d 264, 268 (Cl. Ct. 1981), for the proposition that the "'function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not to [the Court of Federal Claims]'").

Fourth, insofar as Mr. Fabian asks this Court to review the decisions or actions of the United States District Court for the Northern District of New York, this Court does not have jurisdiction to do so.  *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (noting that "the Court of Federal Claims does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts"); *Mora v. United States*, 118 Fed. Cl. 713, 716 (2014) ("[T]his [C]ourt does not have jurisdiction to review the decisions of state courts, federal bankruptcy courts, federal district courts, or federal circuit courts of appeals.").

Acccordingly, for all of the foregoing reasons, Mr. Fabian's hollow reference to § 1491(a)(1) is to no avail, Compl. at 1, and this Court lacks subject-matter jurisdiction over Mr. Fabian's Complaint.

Finally, the Court notes that Mr. Fabian previously attempted to seek the same writ of habeas corpus in the United States District Court for the District of Columbia. *See Fabian v. Barr*, 1:20-cv-00748, ECF No. 1 (D.D.C. Feb. 28, 2020). Subsequently, Mr. Fabian's petition was transferred to the United States District Court for the Northern District of New York, *Fabian v. Barr*, 9:20-cv-00456, ECF No. 2 (N.D.N.Y. Mar. 31, 2020), where the petition was dismissed without prejudice, *Id.* ECF No. 7, and Mr. Fabian's motion for reconsideration was denied *with* prejudice. *Id.* ECF No. 10. Now, Mr. Fabian, the same plaintiff, seeks to relitigate the same claim (*i.e.*, his prior unsuccessful habeas petition before the district court) before this Court.

Given that Mr. Fabian's petition was dismissed by the district court without prejudice,[1] and"dismissal[] without prejudice is a dismissal that does not operate as an adjudication upon the merits[,] . . . [the prior dismissal] [] does not have a res judicata effect[]" in this matter. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990); *see Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996). While Mr. Fabian perhaps cannot be precluded *per se* from refiling the same petition before this Court, his Complaint – based upon the same spurious legal theories – should not allow him to have another bite at the apple, and this Court would not grant the relief that Mr. Fabian seeks even if we had jurisdiction. *Cf. Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."); *Terry v. U.S. Postal Serv.*, 2011 WL 836761, at *2 (D.S.C. Feb. 11, 2011) ("[T]his duplicate Complaint should be summarily dismissed in the interest of judicial economy and efficiency."), report and recommendation adopted,

---

[1] Prior to dismissing Mr. Fabian's habeas petition, the district court issued an earlier Order which discussed various procedural defects relating to Mr. Fabian's petition that he had filed with both that court and with the United States Court of Appeals for the Second Circuit. *Fabian v. Barr*, 9:20-cv-00456, ECF No. 5 at 2–3 (N.D.N.Y. Apr. 28, 2020). Particularly, the district court explained the difference between habeas petitions brought pursuant to 28 U.S.C. §§ 2241 and 2255, and noted that "[w]hile [Mr. Fabian] purports to bring his claims pursuant to section 2241, he is clearly not challenging the execution of his sentence. Instead, . . . he is plainly challenging the legality of his criminal prosecution and . . . accordingly, [Mr. Fabian's] challenges should actually be brought pursuant to section 2255." ECF No. 5 at 5. As such, the district court "notified and advised" Mr. Fabian that he should inform the court in writing as to "whether he: (1) consents to having his section 2241 petition converted to a section 2255 petition; or (2) voluntarily withdraws the pending petition instead of having it converted." *Id.* at 6–8. Mr. Fabian thereafter indicated in a filing that he would *not* consent to the district court converting his § 2241 petition into a § 2255 petition, and in which he also alleged that the district court lacked jurisdiction over his petition in the first place. ECF No. 6. The district court thus held "given [Mr. Fabian's] clear wish not to continue to pursue his claims via a section 2255 petition and his disagreement with the Court's jurisdiction over this case, . . . the best course of action is dismissal without prejudice." ECF No. 7 at 2–3. Mr. Fabian continued to invoke § 2241 in his Complaint filed with this Court. Compl. at 1.

2011 WL 837801 (D.S.C. Mar. 7, 2011); *Reaves v. Marion Cty.*, 2010 WL 3699920, at *3 (D.S.C. July 28, 2010) ("duplicate complaint should be dismissed in the interests of judicial economy and efficiency"), report and recommendation adopted, 2010 WL 3703752 (D.S.C. Sept. 14, 2010); *Lilly v. Polsinelli, PC*, 552 S.W.3d 562, 565 (Mo. Ct. App. 2018) (highlighting that even "where a petition is dismissed [without prejudice,] . . . [o]bviously, a claimant cannot refile that same petition without it again being dismissed on the same grounds[]"); *B.H. v. State, Dep't of Admin. Servs.*, 103 N.E.3d 169, 175 (Ohio 2017) ("While [] a dismissal [for lack of subject-matter jurisdiction] does not bar refiling in a different forum, presumably the correct one with jurisdiction over the matter, it certainly would make futile any attempt by the plaintiff to refile in the same forum the same claims even if the dismissal was labeled without prejudice"); *Goad v. United States*, 46 Fed. Cl. 395, 398 (2000) ("This defect of failure to waive sovereign immunity has not been, and cannot be, cured in the instant complaint and, hence, res judicata applies."); *Chandler v. United States*, 31 Fed. Cl. 106, 111 (1994) (highlighting the need for this Court to prevent "squander[ing] the resources of the court or defendant with frivolous litigation").

For the foregoing reasons, the Court **DISMISSES** this matter pursuant to RCFC 12(h)(3).[2]  The Clerk is directed to enter judgment accordingly.

It is so **ORDERED**.

*Matthew H. Solomson*

**Matthew H. Solomson**
**Judge**

---

[2] To the extent that Mr. Fabian's Complaint suggests any alternate grounds for relief, such contentions have not been sufficiently asserted in his Complaint.  Even for a *pro se* litigant, this Court cannot "create a claim which [the plaintiff] has not spelled out in his pleading[.]" *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995) (quotation omitted).